UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DARLA W.,

             Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. 2:19-CV-1076-DWC

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

I.    INTRODUCTION

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the Commissioner of the Social Security Administration's ("Commissioner") denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the administrative law judge ("ALJ") did not harmfully err when he discounted the opinions of examining psychologist Alysa Ruddell, Ph.D., and Plaintiff's testimony regarding the severity of her mental symptoms. Accordingly, the

ALJ's finding of non-disability is supported by substantial evidence, and the Commissioner's decision is affirmed.

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed an application for SSI in January 2016, alleging disability as of October 15, 2011. *See* Dkt. 8, Admin. Record ("AR") 104, 210-31, 241-45. The application was denied on initial administrative review, and on reconsideration. *See* AR 103-16, 118-35. A hearing was held before ALJ Allen Erickson on March 22, 2018. *See* AR 38-96. In a decision dated July 26, 2018, the ALJ determined Plaintiff to be not disabled. *See* AR 20-31. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 416.1481.

In Plaintiff's opening brief, she maintains the ALJ erred by discounting (1) Dr. Ruddell's opinions,[1] and (2) Plaintiff's symptom testimony. Dkt. 10, p. 1.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## IV. DISCUSSION

**A. Whether the ALJ Erred in Rejecting Dr. Ruddell's Opinions**

Plaintiff contends the ALJ erred in rejecting Dr. Ruddell's opinions. Dkt. 10, pp. 3-5. Dr. Ruddell examined Plaintiff on November 29, 2016. *See* AR 577-81. Dr. Ruddell opined that

---

[1] Plaintiff also asserts that the ALJ erred in evaluating the opinions of Thomas Shields, Ph.D. Dkt. 10, p. 3-4. Plaintiff does not present any specific argument in support of this claim, and has thus failed to show harmful error. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 n.2 (9th Cir. 2009).

Plaintiff had marked symptoms from anxiety and depression. AR 578. Dr. Ruddell opined that Plaintiff was markedly limited in her ability to adapt to changes in a routine work setting, and in her ability to set realistic goals and plan independently. AR 579. Dr. Ruddell reported that Plaintiff's symptoms were equivalent to a global assessment of functioning ("GAF") score in the 51-60 range. *Id.*

The ALJ gave Dr. Ruddell's opinions "some weight." AR 29. The ALJ reasoned that Dr. Ruddell's "opinion that [Plaintiff] has marked symptoms of depression and anxiety are inconsistent with the medical evidence showing the claimant with stable symptoms when engaged in treatment." *Id.* The ALJ further reasoned that the GAF score Dr. Ruddell reported was inconsistent with her assessment of marked limitations. *See id.* The ALJ last reasoned that Dr. Ruddell's opined adaptation limitations "are not borne out by the record." *Id.*

The ALJ did not err in rejecting Dr. Ruddell's opinions on the basis that Plaintiff's symptoms were stable when she was taking her medication and engaged in treatment. An ALJ may discount a doctor's opinions where the claimant's symptoms are well-controlled by medication and treatment. *Cf. Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) (holding that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability"). Plaintiff regularly reported that she was stable or improved when she was taking her medications. *See, e.g.*, AR 454, 457, 533, 535-37, 539, 597.

Plaintiff argues the ALJ's determination that Plaintiff's symptoms were stable with treatment was not relevant to the marked limitations Dr. Ruddell assessed. Dkt. 10, pp. 4-5. In support of her argument, Plaintiff points to specific observations Dr. Ruddell noted that were also noted by an "SSI Facilitator," which Plaintiff argues support the marked limitations Dr. Ruddell assessed, and argues the ALJ failed to address them. *See id.*

Plaintiff has failed to show harmful error. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error). That the ALJ did not discuss every piece of evidence in the record does not undermine his determination that the record—which showed Plaintiff's symptoms were stable and well-controlled with treatment—contradicted Dr. Ruddell's opinion that Plaintiff had any marked limitations. "[I]n interpreting the evidence and developing the record, the ALJ does not need to 'discuss every piece of evidence.'" *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) (quoting *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998)). The ALJ thoroughly discussed the evidence, and his failure to discuss observations from a single non-medical source was not error.

The Court need not address the ALJ's other reasons for discounting Dr. Ruddell's opinions because any error was harmless. "[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004)). The ALJ gave at least one valid reason for discounting Dr. Ruddell's opinions, and any error in the remaining reasons does not invalidate that reason, so any such error was harmless. *See Molina*, 674 F.3d at 1115 (citations omitted).

**B.     Whether the ALJ Erred in Discounting Plaintiff's Symptom Testimony**

Plaintiff argues the ALJ erred in discounting Plaintiff's testimony regarding the severity of her symptoms from her mental impairments. *See* Dkt. 10, pp. 5-11. Plaintiff testified that she does not drive because it is too stressful. *See* AR 65-67. She testified that she struggles maintaining concentration, and needs reminders when shopping or doing chores. *See* AR 70, 72,

80-83, 288, 296. She has difficulty explaining herself and interacting with others. *See* AR 74, 288, 296. She struggles adapting to changes in her schedule. *See* AR 85-86, 294.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could reasonably have caused some degree of the symptoms; she does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this first step. *See* AR 26.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found that Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her psychological symptoms was "not entirely consistent with the medical evidence and other evidence in the record." AR 26. The ALJ reasoned that Plaintiff received minimal treatment for several stretches during the alleged period of impairment. *See* AR 27. The

ALJ further reasoned that Plaintiff's mental functioning "has generally been stable when she is engaged in and compliant with medical treatment." *Id.*

As explained above, the ALJ did not err in finding that Plaintiff was generally stable when she was taking medication and receiving treatment. *See supra* Part IV.A. The ALJ therefore did not err in discounting Plaintiff's psychological symptom testimony on this basis. *See Wellington*, 878 F.3d at 876.

Plaintiff argues the ALJ had a duty to examine why there were times when Plaintiff did not take medication or engage in treatment. Dkt. 10, pp. 8-9. A claimant may not be denied benefits for failing to seek treatment when she has a good reason for not doing so, such as inability to afford treatment or significant side effects from medication. *See Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007). But "a claimant's failure to assert a good reason for not seeking treatment, 'or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony.'" *Molina*, 674 F.3d at 1113-14 (quoting *Fair*, 885 F.2d 603). Plaintiff did not assert any reasons for failing to take medication or engage in mental treatment to the ALJ, and the Court has not found nor has the Plaintiff identified anything in the record to support her assertions. Plaintiff has thus not shown that the ALJ erred in failing to examine why there were periods when Plaintiff did not take medication or engage in treatment.

As with the ALJ's treatment of Dr. Ruddell's opinions, the Court need not address the ALJ's other reasons for discounting Plaintiff's psychological symptom testimony. The ALJ gave at least one valid reason for discounting Plaintiff's testimony, and any error in the remainder of his reasoning does not negate the validity of that reason, so any such error was harmless. *See Molina*, 674 F.3d at 1115 (citations omitted).

V. <u>CONCLUSION</u>

Based on the foregoing reasons, the Court finds that the ALJ properly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is affirmed and this case is dismissed with prejudice. The Clerk is directed to enter judgment for Defendant and close the case.

Dated this 6th day of February, 2020.

David W. Christel
United States Magistrate Judge